**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

STEVEN A. GERTSCH,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 13-35872

D.C. No. 2:12-cv-00554-TOR

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted November 3, 2014 [**]

Before:     Leavy, Graber, and W. Fletcher, Circuit Judges.

     Steven A. Gertsch appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellant's unopposed motion to submit this case on the briefs is granted.

Security Act. Gertsch contends that the ALJ erred by rejecting the opinions of his physicians Drs. Moullet and Gray to the extent that their opinions were based on his subjective complaints. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The ALJ rejected Gertsch's subjective complaints as not credible, a finding that Gertsch does not challenge on appeal and has therefore waived. *See Avenetti v. Barnhart*, 456 F.3d 1122, 1125 (9th Cir. 2006). Accordingly, the ALJ did not err in giving limited weight to the opinions of Drs. Moullet and Gray, to the extent that those opinions rested on Gertsch's discredited subjective complaints. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (stating that an ALJ may reject a treating physician's opinion where it relies largely on a claimant's discredited self-reports, rather than on objective clinical evidence).

Substantial evidence also supports the ALJ's determination that numerous factual inconsistencies in the record and the lack of objective medical findings undermine Gertsch's credibility and his physicians' opinions that he was disabled. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (explaining that an ALJ may discredit physician opinions that are conclusory, brief, and unsupported by objective medical findings).

**AFFIRMED**.

2